(Hamilton County Court of Common Pleas.)

GEORGE GINANDT *v.* THE STATE OF OHIO.

In prosecutions for being interested and concerned in a scheme of chance, etc., under sec. 6931, Revised Statutes, the information must charge that defendant was concerned in such scheme as *owner or agent*, to charge an offense under the law of Ohio.

IN ERROR to the Police Court of Cincinnati.

WRIGHT, J.

Ginandt, the plaintiff in error, was tried before a jury in the police court upon an information containing three counts, the charge against him being based upon the provisions of section 6931, Revised Statutes, which prohibits the promoting of lotteries, or any scheme of chance. The jury found him guilty upon the third count, and not guilty upon either the first or second count.

Numerous errors are assigned in the petition in error, but for the accommodation of the prosecuting attorney of the police court, only one has been argued by counsel, his wish being to obtain at once a construction of section 6931, aforesaid, so that many cases of like nature to the one at bar, now pending below, may be disposed of in accordance with the construction proper to be given the law under consideration.

The question submitted, is whether or not the third count of the information, that upon which the conviction was had, charges an offense against the law of the state of Ohio.

The statute upon which the prosecution is based, reads as follows: "Sec. 6931. Whoever, publicly or privately, as owner or agent, establishes, opens, sets on foot, carries on, promotes, makes, draws or acts as 'backer,' or 'vender,' for or on account of, *or is in any way concerned in,* any lottery, 'policy,' or scheme of chance, of any kind or description, by whatever name, style, or title the same may be denominated or known, whether located, or to be drawn, paid or carried on within or without this state, or by any of the means foresaid, exposes or sets to sale anything of value, shall be fined not more five hundred nor less than fifty dollars, and imprisoned not more than ninety, nor less than ten days."

The third and important count of the information reads thus: "Third Count: And the prosecuting attorney of the police court of Cincinnati, in the name and by the authority of the state of Ohio, further informs the court, that George Ginandt, on the 16th day of March, in the year eighteen hundred and ninety-five, with force and arms, at the city of Cincinnati, Hamilton county and state of Ohio, aforesaid, and within the jurisdiction of the said court, was unlawfully interested and concerned in a certain scheme of chance, commonly called policy, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio."

The question raised by the plaintiff in error is, that to be *"concerned,"* in a game of policy is no offense under the statute, unless the person "concerned," was "concerned as *owner or agent."*

Were it conceded that to "be in any way concerned" in a game of policy was a crime, when the individual *concerned* was *not* an owner or agent, doubt of the sufficiency of the third count to charge a crime would at once arise; the proposition would present itself, that the count is defective in failing to allege *facts* which showed that Ginandt had violated the statute; the averment in the words of the statute that he was "unlawfully interested and concerned" in the game, might be said to be the pleading of a conclusion of law. Is it not necessary that the information should set forth

Ginandt's *acts, the things that he did do*, which identified him as a person "concerned" in the game? to the end that he may know with certainty what he must meet at his trial, and also that the court having the allegations of fact before it, may determine on demurrer whether or no the facts relied upon by the prosecution would, if proven, warrant a conviction under the statute. Consider for a moment this third count, in connection with the verdict of guilty upon that count; take the two together; can any one say what Ginandt did that made him guilty?

But I pass the consideration of this proposition for the determination of the more important one, the meaning of the statute.

Eliminate for a moment from the statute the words "owner or agent;" it reads, "Whoever, publicly or privately, establishes, opens, sets on foot, carries on, promotes, makes, draws, or acts as backer or vendor for or on account of, or is in any way concerned in any lottery, policy or scheme of chance," etc. Contemplating it thus, it is quite evident that the legislative purpose was to make the scope of the law wide and far-reaching; to provide specifically against each of the different ways by which an individual might maintain or operate a game of policy, by making it an offense in terms, either to establish, open, set on foot, carry on, promote, make, draw, act as backer or vender. Having provided thus far in terms, the catalogue of possible proprietary connections with the game seems about exhausted; but by way of a saving clause, and to guard against the possibility that the terms enumerated might not cover every connection with the game which was intended to be made criminal, the words "*or is in any way concerned*," were inserted; the office of these words is to guard against the escape of one who may be practically, but not literally, in one of the classes before enumerated.

Now, suppose the statute read thus: "Whoever publicly or privately, as owner or agent, establishes, or is in any way concerned in any lottery, policy, etc.," clearly then "*to be concerned*," in a game of policy would not be criminal unless "*concerned*" as "*owner or agent*."

Insert another word and read thus: "Whoever publicly or privately, as owner or agent, establishes, *opens*, or is in any way concerned in any lottery, policy, etc.," the meaning is still the same, to "*be concerned*" is not criminal unless "concerned" as owner or agent; and so, one at a time, word after word might be inserted until each word in the section has been restored to its proper place, with nothing in any of them so to be inserted which would change the connection between the phrases "*owner or agent*" and "*is in any way concerned in.*"

I am therefore of the opinion, that to be concerned in a game of policy is not an offense under the provisions of section 6931, Revised Statutes, unless he who is concerned is concerned as owner or agent; this being the case, it is necessary in charging an offense under this clause of the section, to charge that the individual sought to be made amenable, *was concerned as owner*, or *was concerned as agent*.

In the count upon which the conviction was had in the case at bar, it was not charged that Ginandt was concerned as "*owner*," nor was it charged that he was concerned as "*agent*;" neither do averments of fact appear, from which it could be inferred that he was concerned either as owner or as agent.

This count, therefore, charged no offense against the law of the state of Ohio, and the conviction upon it was illegal, and the judgment upon the verdict erroneous.

The judgment below is reversed, and the cause remanded for further proceeding.